## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, HARRISON DIVISION

| | | |
|---|---|---|
| MICHAEL ALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| BHOLENATH, INC. D/B/A | ) | |
| TRAVELODGE AND OZARKA | ) | |
| LODGE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** plaintiff, by and through his attorneys of record, and for his cause of action against defendant Bholenath, Inc. d/b/a Travelodge and Ozarka Lodge, states, alleges and avers as follows:

1.      Pursuant to 28 U.S.C. § 1332, jurisdiction is proper in this Court in that:

a.      Plaintiff is a citizen of the State of Missouri;

b.      Defendant is incorporated it the State of Arkansas, has its principal place of business in the State of Arkansas, and, pursuant 28 U.S.C. § 1332(c)(1) is deemed to be a citizen of the State of Arkansas; and

c.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court in that:

a.      Defendant's registered agent and principal place of business are located in Eureka Springs, Carroll County, Arkansas;

b.      Defendant is a resident of Eureka Springs, Carroll County, Arkansas; and

  c.  The incident alleged herein occurred in Eureka Springs, Carroll County, Arkansas.

  3.  On June 12, 2019, plaintiff was guest at defendant's "Ozarka Lodge" hotel located at 110 Huntsville Road, Eureka Springs, Arkansas.

  4.  As plaintiff was traversing an exterior stairway at defendant's premises, he slipped and fell down the stairs because of one or more of the defects alleged below.

  5.  Defendant's stairs were defective in that:

  a.  They were slippery when wet;

  b.  They were not slip resistant;

  c.  They were not barricaded from the elements, including rain storms;

  d.  They were composed of diamond plated steel that was painted with a smooth, non-skid resistant, paint;

  e.  There was no warning of the slippery nature of the painted metal stairs.

  6.  Defendant had actual or constructive notice of the defect(s) in that:

  a.  Defendant created the defect(s) to its stairs; or

  b.  The defect(s) to defendant's stairs was/were apparent to defendant; or

  c.  By exercise of ordinary care, the defect(s) should have been apparent to defendant so that a reasonably prudent possessor would correct the defect(s) or warn plaintiff of the defect(s).

  7.  As a result of one or more of the defects to defendant's stairs, plaintiff sustained the following:

a.  Past, present, and future expenses for medical supplies, medicine, and services of physicians, nurses, hospitals, pharmacists, physical therapists, and other health care providers and related medical expenses;

b.  Injury to his right leg;

c.  Injury to his right ankle;

d.  Loss of income;

e.  Diminution of earning capacity;

f.  Loss of household contributions;

g.  Pain, suffering and mental anguish.

**WHEREFORE** plaintiff prays for a judgment against defendant in such sum as the jury deems fair and reasonable, for an award of his taxable court costs, for post-judgment interest at the legal rate and for such further and additional relief as is just and proper.

**AARON SACHS & ASSOCIATES, P.C.**

DANIEL P. MOLLOY       Fed. Bar # 58871MO
3271 E. Battlefield, Suite 350
Springfield, MO 65804
Ph. (417) 889-1400
Fax (417) 889-5359
daniel@autoinjury.com
Attorney for Plaintiff